UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80845-ROSENBERG

LINA MILLAN,

    Plaintiff,

v.

MORNING COFFEE LLC &
DUNKIN' DONUTS LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on the Defendants' Motions to Dismiss at docket entries 8 and 22. The Motions are fully briefed and ripe for review. For the reasons set forth below, the Motions are granted and the Plaintiff shall file an amended complaint.

The Plaintiff brought this suit for discrimination under the Florida Civil Rights Act and 42 U.S.C. § 1981. The Defendants have moved for dismissal or amendment of every cause of action in the Plaintiff's Complaint. Below, the Court first analyzes the Plaintiff's FCRA claims and then turns to the Plaintiff's § 1981 claims.

<u>The Plaintiff's FCRA Claims</u>

Prior to initiating a suit under the FCRA, a plaintiff first must file a complaint with either the Florida Commission on Human Relations or the Equal Employment Opportunity Commission within one year of the alleged violation. Fla. Stat. § 760.11(3) (2022). Here, the Plaintiff filed a timely complaint with the EEOC. DE 16 at 4. The EEOC did not, however, make a timely determination on the Plaintiff's complaint. *Id.* The deadline for the EEOC's determination is 180 days, but the EEOC did not make its determination until slightly over a year after the Plaintiff filed

his complaint. DE 8-2.¹  The parties dispute the applicable statute of limitations in this circumstance.

The Plaintiff contends that the applicable statute of limitations is four years from the date he filed his complaint with the EEOC, which would mean that his FCRA claims are timely. For authority, the Plaintiff relies upon *Joshua v. City of Gainesville*, 768 So. 2d 432 (Fla. 2000). In *Joshua*, the plaintiff filed a charge with the FCHR in 1995 but received no answer whatsoever. *Id.* at 434. In 1998 the plaintiff filed suit in court. *Id.* at 433. The defendant moved to dismiss, arguing that the shorter FCRA statute of limitations applied—one year. *Id.* The plaintiff argued that because he had never received a decision on his complaint, the more typical Florida statute of limitations—four years—applied, not the more specific one-year statute of limitations for FCRA claims. *Id.* at 434. The case ultimately went to the Florida Supreme Court, with the Court holding that the statute of limitations was four years, not one, reasoning:

> [D]espite the language of section 760.11(8), which allows a complainant to proceed to circuit court without a reasonable cause determination, the entire statutory scheme seems to favor exhaustion of administrative remedies prior to court action. It would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress, or lack thereof, in investigating the complaint filed with that body.

*Id.* at 437.

Here, the Plaintiff argues that, like *Joshua*, he never received a timely determination. Thus, the Plaintiff argues, he had four years to file his FCRA claims and his claims are timely. The Defendants' Motions to Dismiss, however, are not premised upon *Joshua*. Both motions to dismiss

---

¹ The Court may consider documents outside of the four corners of a plaintiff's complaint at the motion to dismiss stage when the documents are central to a plaintiff's claim and the authenticity of the documents is not in dispute. *E.g., Williams v. Home Advantage Humana*, No. 8:21-CV-51, 2021 U.S. Dist. LEXIS 82091, at *11 (M.D. Fla. Apr. 29, 2021). The Plaintiff does not dispute the authenticity of the EEOC documents attached to the Defendants' Motions to Dismiss, and the documents are certainly central to the Plaintiff's claims.

are premised upon a far more recent case, *Aleu v. Nova Southeastern University, Inc.*, 357 So. 3d 134 (Fla. Dist. Ct. App. 2023).

In *Aleu*, the plaintiff filed a complaint with the EEOC. *Id.* at 135. The plaintiff received an answer, but not for more than two years.[2] *Id.* at 136. Thus, just like in the instant case the plaintiff *did* receive an answer, but the answer was outside of the 180-day period—the answer was untimely. The plaintiff argued that the applicable statute of limitations was four years, citing *Joshua*. *Id.* The *Aleu* court disagreed, finding that the applicable statute of limitations was one year, not four. *Id.* at 141. Distilled down, the *Aleu* court reasoned that the one-year statute of limitations period applied for two reasons. First, *Joshua* was distinguishable because in *Joshua* the plaintiff received no answer whatsoever. Second, the *Aleu* court found that the Florida Supreme Court case of *Woodham v. Blue Cross & Blue Shield, Inc.*, 829 So. 2d 891 (2002), a case more recent than *Joshua*, controlled.

In *Woodham*, a plaintiff filed a charge with the EEOC but received no answer for 300 days. *Id.* at 892. The plaintiff then requested a right-to-sue letter from the EEOC and received it. *Id.* at 893. The letter, however, stated that the EEOC was "unable to conclude that the information obtained establishes a violation of the statutes." *Id.* The parties disputed the ramifications of the EEOC's lack of a conclusion, and the parties' dispute ultimately reached the Florida Supreme Court. *Id.* Importantly for the instant case, the Florida Supreme Court concluded that the EEOC's letter had the effect of granting the plaintiff the right to proceed under Florida Statute 760.11(8). *Id.* at 897. Under that provision, the plaintiff had one year to sue in court. *Aleu*, 357 So. 3d at 139.

Citing *Woodham*, the *Aleu* court concluded that a late (but nonetheless existent) determination from the EEOC starts the one-year statute of limitations clock for FCRA claims.

---

[2] The factual record in *Aleu* was slightly more complicated than the instant case because, unlike here, the plaintiff in *Aleu* filed a supplemental complaint with the EEOC. That distinction has no bearing on the case's application to the instant case.

This Court is bound by the Florida Supreme Court's interpretation of Florida law. *E.g., Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). But which decision applies to the instant case—*Joshua* or *Woodham*? The Court concludes that *Woodham* applies for three reasons.

First, even though the Defendants' Motions are entirely premised upon *Aleu*, and the *Aleu* court's application of *Woodham*, the Plaintiff's Response is completely silent on the topic; the Plaintiff does not acknowledge the existence of *Woodham* and *Aleu*. The Defendants' argument on these points therefore is unrebutted, and the Court dismisses the Plaintiff's FCRA claims on this basis alone.

Second, *Joshua* is distinguishable, and *Aleu* and *Woodham* are not. In *Joshua*, the plaintiff received no answer to his administrative complaint—ever. Here, the Plaintiff did receive an answer. Moreover, in *Aleu* and *Woodham*, the plaintiffs received the same letter from the EEOC that the instant Plaintiff received.[3] And they received the letter late, just like the Plaintiff in this case.

Third, the reasoning supporting the holding in *Joshua* does not apply in the instant case. In *Joshua*, the Florida Supreme Court's holding was based upon its observation that it "would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress," of the complaint, but in the instant case the plaintiff *did* receive an indication from the EEOC on the progress of his complaint. *Joshua*, 768 So. 2d at 437.

For all of the foregoing reasons, the Court concludes that the Plaintiff had one year to file suit after receiving his answer from the EEOC. The Plaintiff did not do so. The Plaintiff's FCRA claims (Counts I, II, III, IV, V, and VI) are **DISMISSED AS TIME-BARRED**.

---

[3] The *Aleu* court created an intermediate appellate court split, but for all of the reasons set forth in this Order (including the Plaintiff's failure to argue this topic) the Court concludes that the Florida Supreme Court's holding in *Woodham* applies to this case, not *Joshua*. *See Aleu*, 357 So. 3d at 141. The decision creating a split with *Aleu* did not cite or discuss *Woodham*. *Id.*

## The Plaintiff's § 1981 Claims

The Defendants argue that the Plaintiff's § 1981 claims (Counts VII and VIII) lack clarity and, as a result, the Defendants are not on notice as to whom the counts are directed. Upon review of the Plaintiff's Complaint, the Court agrees. Unlike the Plaintiff's FCRA counts, which clearly are brought against certain Defendants, the Plaintiff's § 1981 counts are brought against an unspecified, singular "Defendant." The counts are not, for example, brought against "Defendants," plural, nor do the counts specify which Defendant is the relevant party. The Plaintiff shall amend his Complaint to clarify which Defendant is subject to which count, together with the specific allegations each Defendant must answer. *See* Fed. R. Civ. P. 12(e) (requiring a more definite statement when the "pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.").

For all of the foregoing reasons, the Defendants' Motions to Dismiss at docket entries 8 and 22 are **GRANTED**. All FCRA counts are **DISMISSED AS TIME BARRED**. The Plaintiff **SHALL AMEND** his § 1981 counts as more fully set forth in this Order. The Plaintiff's amended complaint is due by August 2, 2023. The Defendants shall file an answer or a responsive motion by August 9, 2023.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of July, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE